UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ALEXANDER YOUNG

        Plaintiff,          **JURY TRIAL**

V.

                            ENTERED CIVIL ACTION NO

THIEBLOT RYAN P.A.           FILED    RECEIVED

                          LOGGED        **ELH11CV1562**

                    JUN 08 2011

               AT BALTIMORE
          CLERK, U.S. DISTRICT COURT
           DISTRICT OF MARYLAND

Defendant.                           DEPUTY JUNE 2, 2011

                BY

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Baltimore, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is a collection agency within the Maryland Collection Agency Licensing Act §7-10.

7. Defendant communicated with plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to plaintiff's disputed personal debt.

8. Attached hereto and incorporated herein as Exhibit 1 is a true and accurate copy of a collection letter from the Defendant to the Plaintiff dated May 30, 2010.

9. The Defendant attempted to collect $3,958.48 on behalf of Bank of America.

10. Attached hereto and incorporated herein as Exhibit 2 is a true and accurate copy of law suit filed by the Defendant on behalf of Bank of America and affidavit signed by Cristina Ferrer on June 2, 2010.

11. The Defendant attempted to collect a different amount in the law suit and then claimed Plaintiff owed $3,936.48.

12. Attached hereto and incorporated herein as Exhibit 3 is a true and accurate copy of a letter the Plaintiff received from Bank of America dated May 25, 2010. This letter states that the amount claimed owed by the Defendant in its collection letter and law suit is not owed.

13. Defendant regularly sends letters to consumer debtors wherein the balances listed in the heading are not the actual balances that are due and owing.

14. Defendant's collection letters are misleading and deceptive in that they ask for payment of a debt based on artificially inflated figures that may confuse the least sophisticated consumer.

15. Defendant's collection letters sent to Plaintiff contain false representations of the character, amount or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A).

16. Defendant created or had created an affidavit which was sworn to by the Banks Agent to facilitate the cause of action against Plaintiff.

17. Defendant's affidavit appears on its face to be false and untrue.

18. Defendant represented in court, through documents created for court, that the Plaintiff's balance, which was not actually owed and by requesting a payment based on that artificially inflated total, Defendant's collection letters and law suit sent to Plaintiff constitute false or deceptive means to attempt to collect consumer debt in violation of 15 U.S.C. § 1692e(10).

19. Defendant's actions constitute unfair or unconscionable means of collecting consumer debt in violation of 15 U.S.C. § 1692f.

## SECOND COUNT

20. The allegations of the First Count are repeated and realleged as if fully set forth herein.

21. Within three years prior to the date of this action Defendant has engaged in acts and practices as to plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

22. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

**WHEREFORE Plaintiff respectfully requests this Court to:**

1. Award Plaintiff such damages as are permitted by law both compensatory and punitive, including $1,000 statutory damages for each communication against the Defendant;

2. Award the Plaintiff costs of suit and a reasonable attorney's fee;

3. Award declaratory and injunctive relief, and such other and further relief as law or equity may provide

THE PLAINTIFF,

BY _____
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com