UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ALEXANDER YOUNG

    Plaintiff,

V.                                     CIVIL ACTION
                                        1:11-CV-01562-EHL

THIEBOLT RYAN, P.A.

    Defendant.

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS RESPONSE AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff Alexander Young ("Mr. Young") through his attorney Bernard T. Kennedy files this Response and objection to Defendant Thiebolt Ryan P.A. ("Thiebolt Ryan") Motion to Dismiss Amended Complaint.

## BACKGROUND

This case was commenced on June 8, 2011, Complaint [Doc. No. 1] Thereafter, on July 29, defendant filed a Motion to Dismiss, [Doc. No.5]. Mr. Young filed on August 7 a Motion to Amend and an Amended Complaint,] Doc. No. 7]. The Court granted plaintiff's Motion to Amend the Complaint on August 9, 2011, [Doc. No. 9]. Thiebolt Ryan filed a second Motion to Dismiss on September 6, [Doc. No 12]. The underlying issues in this case are whether Thiebolt Ryan violated the Fair Dept Collection Practice Act, 15 U.S.C.1692, whether plaintiff timely filed his complaint against the defendant and does defendant have a bona fide defense.

## STANDARD OF REVIEW

Thiebolt Ryan moved to dismiss pursuant to Federal Rule of Civil Procedure 12 (b) (6). The purpose of a motion to dismiss pursuant to Rule 12 (b) (6) is to test the sufficiency of the complaint *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). At this state, the

1

court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver,* 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. See *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint itself, a court may consider "any document that are attached to it" *CACA Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.,* 566 F. 3d 150, 154 (4th Cir. 2009).

In evaluating the complaint, the court need not accept unsupported legal allegations. *Revene v. Charles Count Comm'rs,* 882 F. 2d 870, 873 (4th Cir. 1989). Nor must it agree with legal conclusions couched as factual allegations, *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950 (2009), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 2009). "(W)here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show(n) . . . that the pleader is entitled to relief,'" *Inbal, 129 S.Ct. at 1950* (quoting Fed. R. Civ. P. 8 (a) (2).

## **DISCUSSION**

Thiebolt Ryan moves to dismiss Mr. Young's claims which it alleges cannot be granted relief pursuant to the Amended Complaint filed on August 8, 2011 [Doc. No. 7]. Further, defendant alleges plaintiff cannot seek relief as any false or misleading representation made by defendant regarding the debt "solely as a result of inaccurate information provide by its client would be a bona fide error as defined under 15 U.S.C. 1692k (c)." Each argument will be addressed in turn.

**A. Was plaintiff's Complaint filed more than one year after the date the May 30, 2010 letter was allegedly mailed to plaintiff. Mr. Young responds and states that his claim is viable.**

On page no. 1 of defendant's Memorandum in Support of Motion to Dismiss Amended Complaint ("Memorandum") defendant artfully refers to paragraph 9 of the Amended Complaint and states *" . . . on May 30, 2010, Defendant sent Plaintiff a letter on behalf of its client, . . . ."* Paragraph 9 of the Amended Complaint reads **"The Defendant caused to be mailed a collection letter dated May 30, 2010 . . . ."** Paragraph 12 reads "The Plaintiff alleges that the letter dated May 30, 2010, which was mailed to Plaintiff on **June 1, 2010 was not opened by Mr. Young within 3 business days, due to the fact his mailed was being forwarded to him at a new address.**" (Assuming it was mailed on June 1. 2010).

Later, on page 4, of the Memorandum, defendant contradicts itself and states "The calculations of the limitations period begins on the date that letter was placed in the mail, June 1, 2010. The affidavit of Bruce R. Miller contradicts himself in paragraph no. 10 and 11. Paragraph no. 10 reads "An initial demand letter to Alexander (Mr. Young) was ordered on May 31, 2010, printed on June 1, 2010, and placed in the mail on June 1, 2010."

The actual date of the writing of letter sent to Mr. Young becomes more suspect and confusing after reading both the Memorandum of defendant and the Affidavit of Attorney Bruce Miller. Thiebold Ryan states in the Memorandum page 4, "Plaintiff's claim that defendant has violated the Fair Dept Collection Practices Act through it May 30, 2010 letter to Plaintiff . . . ." Attorney Bruce Miller in his affidavit, paragraph 10, states "An initial demand letter to Alexander was ordered on May 31, 2010, **printed** on June 1, 2010, and was place in the mail on June 1, 2010.

May 30, 2010 was a Saturday, the day Thiebolt Ryan stated in the Memorandum that the letter to Mr. Young was printed on May 30, 2010. Attorney Bruce Miller in his affidavit, paragraph 11, wrote "All demands are mailed the same day they are printed." Unfortunately,

neither the affidavit of Attorney Bruce Miller or the Memorandum of defendant agrees with each other.

It is difficult to understand paragraph 10, Of Attorney Miller's affidavit that reads, "An initial demand letter to Alexander (believe it should be Mr. Young) was ordered on May 31, 2010." There is no explanation who ordered the initial letter. Was it the Bank of America ordering it on May 31, 2010 Memorial Day, a legal holiday, or was the Thiebolt Ryan ordering the letter on Memorial Day.

Clearly, either Thiebolt Ryan or the affidavit of Attorney Bruce Miller is inaccurate and begs the question was such a letter actually written on Memorial Day weekend and if not when was it written.

Mr. Young, in his Amended Complaint [Doc. No.7] plead in paragraph no. 14 that "The violation of the FDCPA occurred when the Plaintiff opened that letter well past the June 8, 2011 filing of his complaint which is attached as Exhibit 1. In Mr. Young's amended complaint, [Doc. No. 9] he plead in paragraph no. 15 that the sum Thiebolt Ryan was attempting to collect in its letter allegedly dated May 30, 2010 was not owed.

Plaintiff's paragraph no. 22, in his Amended Complaint, [Doc. No. 7-2] states, "Defendant has failed as of this date to dismiss the state court law suit against the Plaintiff and has specific knowledge that the amount of debt they filed suit on is not owed and their failure to dismiss the state court law suit has itself violated the FDCPA within the past 12 months." See Exhibit 2.

Defendant argues that the letter was place in the mail, June 1, 2010. That may not be necessarily accurate as defendant cannot agree between their motion to dismiss or the supporting affidavit sworn to by Attorney Miller, all of which allegedly took place on a holiday weekend

when banks are closed and it is not normal for law offices to be open doing business. Thieblot Ryan relies of *Mattson v. U.S. West Communication, Inc.,* 967 F.2d 259, 261 (8TH Cir. 1992). Defendant is incorrect as to the reading of this case as it relates to the pending case. *Mattson* at 261 reads "The date on which SIC ailed the letters was **its last opportunity to comply** with the FDCPA, and the mailing of the letters, therefore, triggered section 1692k(d). This decision made was on a case that was a *nonfiling situation.*

Thiebold Ryan did not limit its doings with Mr. Young by just mailing him one collection letter.  On July 20, 2010 defendant filed a case against Mr. Young in the District Court for Baltimore City, Maryland, case no. 010100208332010 in the sum of $3,936.48, a sum that plaintiff does not owe, Exhibit 2 & Exhibit 3.  Clearly, this act was a continuing violation that stretched out the statute of limitations. Thiebold Ryan was aware of Mr. Young's letter from Bank of America dated May 25, 2010 that the bank had credited his account in the sum of $3,150 based on fraudulent activity in his account the bank deposited that sum into Mr. Young's account. Exhibit 1.  Defendant had knowledge of Exhibit 1 upon receipt of plaintiff's complaint [Doc. No. 2] upon service of process. Nevertheless, it went ahead a filed a fraudulent lawsuit in Baltimore City Court in an attempt to extract money from Mr. Young that he did not owe.

"When a final act of an unlawful course of conduct occurs within the statutory period, these purposes are adequately served, in balance with the plaintiff's interest in not having to bring successive suits, by requiring the plaintiff to sue within the statutory period but letting him reach back and get damages for the entire duration of the alleged violation. Some of the evidence at least, will be fresh. And the defendant's uncertainty as to whether he will be sued at all will be confined to the statutory period. His uncertainty about the extent of his liability may be greater, but that is often true in litigation.

5

Meririck's infringement was a continuing wrong. He copied Taylor's maps in 1976 and 1977 and either sold copies till 1979, which was well within three years of the bringing of this suit, or at least became party to infringements by his dealers which continued till after suit was filed. The initial coping was not a separate and completed wrong but simply the first step in a course of wrongful conduct that continued till the last copy of the infringing map was sold by Meirick or with his connivance." *Taylor v. Meirick* 712 F.2d 1112, 1119 (7th Cir. 1983). "The 'date on which the violation occurs' was also left undefined by the FDCPA. Courts have attained some consistency in construing this phrase. The Court of Appeals for the Ninth Circuit addressed this issue in Fox v. Citicorp Credit Svcs., Inc., 15 F.3d 1507, 1515 (9th Cir. 1994) and concluded that phrase in 15 U.S.C. § 1692i reaching 'any legal action on a debt' encompasses all judicial proceedings. Quoting *Blakemore v. Pekay* 895 F. Supp. 972, 983 (N.D. Ill, E.Div. 1995).

The FDCPA required that a civil liability claim be brought "within one year from the date on which the violation occurs" 15 U.S.C. SEC 1692k(d). When FDCPA claims are predicated upon improperly bring debt collection litigation, the one-year limitations period begins to run-at latest when the debtor with process, In this case Mr. Young was served on ---. See *Schaffhauser, 340 Fed. App'x* at 130-131 (holding FDCPA claim barred where filed four years after debt collector filed suit to collect the debt). Conduct which independently violate s the FDCPA, however, is actionable it falls within the limitations period, even if undertake in pursuit of litigation that was filed outside the limitations period. *Jones v. Inv. Retrievers, LLC*, 2011 WL 156851, at *3 (M.D. Pa. Apr. 25, 2011). According, new communications about old claims constitute independent violations of the FDCPA when new communications independently violate the FDCPA. See id.

6

For example, in Jones, the plaintiff alleged the defendants violated the FDCPA when they inter alia, "failed to provide here documents supporting alleged entitlement to payment, failed to provide her attorney with documents upon request, [and failed to provide] . . . supporting documentation verifying the debt" 2011 WL 156851 at *4 In support of their motion to dismiss, the defendants argued that the plaintiffs allegations were barred by the statute of limitations "because the failure to provide documents relate[d] back to the filing of the original 2006 . . . action". Id. The Court disagreed and denied the defendants' motion to dismiss, reasoning that "it [was] not clear on the face of the complaint that any possible violation of the FDCPA would relate back to the filing of the lawsuit; i.e., that these were simply new communications about old claims." Id.

In Schaffhauser, the Third Circuit explained that the for claims based on *improperly bringing* the debt collection litigation, the one year statute of limitations period begins to run from either the date of filed the foreclosure action or the date of service. Here, Plaintiff's Complaint actually alleges that Defendants *falsely represented the character and legal status of the debt*  in multiple documents, several of which were filed within the one year preceding the filing of Plaintiffs Complaint. Because the court finds that Plaintiff's Complaint was filed within one year of the most recent alleged FDCPA violation and Plaintiffs have alleged a continuing violation, Defendant's motion to dismiss on the basis of the statue of limitations must be denied.

*Brown v. Udren Law Offices PC* (Dist. Court. ED Pennsylvania, 2011).

B. **Does Thiebold Ryan have a Bona Fide Defense as a legal reason under Rule 12 (b) (6) to seek a dismissal of Plaintiff's Amended Complaint? Plaintiff answers no.**

The purpose of Rule 12(b) (6) of the Federal Rules of Civil Procedures state that motion dismiss tests the legal sufficiency of a party's claim for relief. The Rule allows trial courts to terminate lawsuits "that are fatally flawed in their premises and destined to fail, and thus to spare litigates the burden of unnecessary pretrial activity" *Advanced Cardiovascular Sys., Inc. V. Scimed Life Sys., Inc.,* 988 F.2d 1157, 1160 (Fed. Cir. 1993).

Thiebold Ryan has interjected into the equation a "bona fide error defense" in its Motion to Dismiss, page 5. This argument is inappropriate pursuant to the Rule 12(b) (6).
"The complaint alleges that pacliaxel lacks good substitutes and that Bristol-Myers extended it market power through underhanded means, injuring both consumers and rival producers. These assertions may be right or wrong, but how could the complaint be dismissed under Rule 12(b) (6)? The district court found, not a defect in the *claim*, but the presence of an affirmative defense. See Fed. R. Civ. P. 8( c). Orders under Rule 12(b) (6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses. Complaints need not contain any information about defenses and may not b e dismissed for the omission." *Xechem, Inc. v. Bristol-Myers Squibb Co.,* 372 F.3d 899, 901 (7th Cir. 2004). See, e.g. *Gomez v. Toledo,* 446 U.S. 635, 100 S. Ct. 1920, 64 L. Ed. 2nd 572 (1980); *United States v. Northern Trust Co.,* No. 04-1148, 372 F.3d 886, 2004 WL 1381706 (7th Cir. June 22, 2004); *United States Gypsum Co. v. Indiana Gas Co.,* 350 F.3d 623 (7th Cir. 2003).

Assuming arguendo that Rule 12(b) (6) was not controlling, defendant's reliance on the bona fide error defense must fail for the following reason. ". . . because genuine issues of material fact remain as to whether the bona fide error exception should apply in this case. The bona fide error exception applies only if the collector establishes he maintenance of procedures reasonable adapted to avoid the error that occurred. *Marchant v. U.S. Collections West, Inc., et*

*al* 12 F. Supp. 2d 1001, 1003-1004 (U.S.D.C. AZ 1998). Thiebold Ryan has failed to show it had procedures in place, Exhibit 1 either to investigate or attempt the correct sum owed, if any, by Mr. Young.

## **CONCLUSION**

WHEREFORE, plaintiff respectfully requests that this Court deny Thiebolt Ryan's motion to dismiss Mr. Young's Amended Complaint.

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com

## *CERTIFICATION*

I hereby certify that on 10/6/11 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

BY/S/Bernard T. Kennedy