IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALEXANDER YOUNG,

    *Plaintiff,*

    v.

                             Civil Action No.: ELH-11-01562

THIEBLOT RYAN, P.A.,

    *Defendant.*

## MEMORANDUM

On June 8, 2011, Alexander Young, plaintiff, filed suit against defendant Thieblot Ryan, P.A. ("Thieblot Ryan") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*[1] *See* Amended Complaint ("Complaint," ECF 9). Defendant has filed a "Motion To Dismiss Amended Complaint" ("Motion," ECF 12), as well as a supportive memorandum ("Motion Memo," ECF 12-1), seeking dismissal pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim, and pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction. Motion at 1. In general, defendant asserts the affirmative defenses of limitations[2] and bona fide error. Plaintiff opposes the Motion. *See* "Plaintiff's Response In Support Of His Objection To Defendant's Motion To Dismiss Amended Complaint" ("Opposition," ECF 15); Plaintiff's Memorandum In Support Of His Response And Objection To Defendant's Motion To Dismiss Amended Complaint" ("Opposition Memo," ECF 15-1). As the motion has been fully briefed, the Court rules now pursuant to Local Rule 105.6, no hearing being necessary.

---

[1] Jurisdiction in this case is conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

[2] Claims under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. §§ 1692k(d).

### Factual Summary

It is undisputed that plaintiff is a consumer within the meaning of the FDCPA, and that defendant is a debt collector.[3]  *Id.* ¶¶ 4-5.  Defendant mailed a "collection letter" to plaintiff, dated May 30, 2010, in which "it attempted to collect 'pre-judgment interest' included in the 'principal amount of the debt'" at issue, "without disclosing to the Plaintiff that it had calculated pre-judgment interest in the principal amount."  *Id.* ¶ 9.  Further, plaintiff asserts that, on July 20, 2010, defendant "caused to be filed a law suit [against plaintiff] in the District Court of Maryland on behalf of Bank of America," regarding that same debt.[4]  *Id.* ¶ 7.  Plaintiff claims that, at the time of the alleged violations, he did not owe the subject debt.[5]  *Id.* ¶ 15.

Plaintiff contends that defendant's alleged failure to "disclose the accurate amount of the principal amount of debt" constituted a violation of 15 U.S.C. § 1692e(2)(A), which prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt," and observes that the "false representation of . . . the character, amount, or legal status of any debt" is a violation of the statute.  *Id.* ¶¶ 10-11, 17.  Plaintiff also asserts that, "to facilitate the cause of action against Plaintiff," "Defendant created . . . an affidavit which was sworn to by the Banks [sic] Agent" and which was "on its face . . . false and untrue."  *Id.* ¶¶ 18-19.  Further, plaintiff maintains that 15 U.S.C. § 1692e(10) prohibits the use of "false or

---

[3] Although the relevant facts for the purposes of the instant motion are largely undisputed, the Court construes the facts in the light most favorable to plaintiff, as the party opposing the motion.  *See Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[4] Suit was filed in the District Court for Baltimore City (District 1), a State of Maryland court.  A copy of the complaint in that suit and the supporting documents were attached to plaintiff's initial complaint in the case at bar, but were not appended to the Amended Complaint.

[5] Plaintiff has appended, as Exhibit 2, a letter sent by Bank of America to Mr. Young, dated May 25, 2010, showing that $3,150.00 was refunded to his account due to fraud.  *Id.* ¶ 15.

deceptive means to attempt to collect consumer debt." *Id.* ¶ 20.  In addition, plaintiff contends that defendant violated 15 U.S.C. §1692f, because its actions "constitute unfair or unconscionable means of collecting consumer debt." *Id.* ¶ 21.

As noted, in moving to dismiss, defendant contends that the claim is barred by limitations.  In addition, defendant relies on the defense of bona fide error.

### Standard of Review

Under FED. R. CIV. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the Rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 n.3 (2007) (citation omitted).  To be sure, the plaintiff need not include "detailed factual allegations in order to satisfy" Rule 8(a)(2).  *Id.* at 555.  But, the Rule demands more than bald accusations or mere speculation.  *Id.*  To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely."  *Id.* at 556.  A complaint that provides no more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient under the Rule.  *Id.* at 555.

A defendant may test the adequacy of a complaint by way of a motion to dismiss under Rule 12(b)(6).  *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008).  Both *Twombly*, 550 U.S. 544, and *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009), make clear that, in order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Iqbal*, 129 S.

Ct. at 1953 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions'. . ." (citation omitted)); *see Simmons v. United Mortgage and Loan Inv.*, 634 F.3d 754, 768 (4th Cir. 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

In resolving a Rule 12(b)(6) motion, the court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 385-86 (4th Cir. 2009), *cert. denied*, ___ U.S. ___, 130 S. Ct. 1740 (2010). Moreover, a motion pursuant to Rule 12(b)(6) ordinarily "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks omitted).

Defendant has also moved to dismiss under FED. R. CIV. P. 12(b)(1), claiming lack of subject matter jurisdiction. "It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown,* 462 F.3d 312, 316 (4th Cir. 2006). "[A] motion to dismiss under Rule 12(b)(1) is nonwaivable and may be brought at any time-even on appeal-regardless of whether a litigant raised the issue in an initial pleading." *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.,* 471 F.3d 544, 548 (4th Cir. 2006); *see* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Once a challenge is made to subject matter jurisdiction, the plaintiff bears the burden of proving that the Court has subject matter jurisdiction. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.,* 166 F.3d 642, 647 (4th Cir.1999). However, neither of the defenses asserted by defendant (limitations and the affirmative defense of bona fide error) implicates the subject matter jurisdiction of the court.

**Discussion**

Defendant has proposed two grounds for dismissal.   First, defendant argues that "Plaintiff's claim . . . must be dismissed as this action was filed more than one year from the date that letter was mailed to Plaintiff," and is thus outside the FDCPA's one year statute of limitations.   Motion Memo at 4.   Second, defendant denies liability, arguing: "In sending the letter to Plaintiff and filing the District Court Complaint on behalf of Bank of America, Defendant relied upon the representation of Bank of America regarding the validity and amount of the debt."  *Id.* at 5.

Neither ground withstands scrutiny.   The collection letter is not the only conduct of defendant about which plaintiff complains.   He also complains about the litigation that defendant commenced in Maryland state court on July 20, 2010, which was clearly within one year of the date plaintiff filed his initial complaint in the case at bar—June 8, 2011.[6]   Therefore, plaintiff's claim is not barred by the applicable statute of limitations set forth in 15 U.S.C. §§ 1692k(d).

Defendant also relies on *Sayyed v. Wolpoff & Abramson, LLP,* 773 F. Supp. 2d 635 (D. Md. 2010),  which states: "[A]ny false or misleading representations made by Defendant regarding the debt 'solely as a result of inaccurate information provided by its client would be a bona fide error as defined under 15 U.S.CA. § 1692k(c).'"   Motion Memo at 5.   However, *Sayyed* also makes clear that the assertion of a bona fide error defense "is not a reason to grant a

---

[6] Plaintiff also asserts that, as "defendant has failed as of this date to dismiss the state court law suit against the Plaintiff and has specific knowledge that the amount of debt they filed suit on is not owed[, ] their failure to dismiss the state court law suit has itself violated the FDCPA within the past 12 months."  Complaint ¶ 22.  Because the lawsuit was filed in state court within the limitations period, I need not resolve this contention.

motion to dismiss for failure to state a claim." 773 F. Supp. 2d at 640. Indeed, in an earlier

ruling in *Sayyed*, the Fourth Circuit stated:

> On remand, [defendant] may of course (1) contend that there were no statutory violations, or (2) avail itself of the § 1692k(c) defense by showing by a preponderance of the evidence that any violations were not intentional and 'resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.' 15 U.S.C. § 1692k(c). . . . **But the district court erred in dismissing [plaintiff's] claims outright on the basis of this concern. The statutory framework establishes that the proper place for the inquiry is not at the Rule 12(b)(6) stage.**

*Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 235 (4th Cir. 2007) (emphasis added).

Whether a defendant is entitled to the bona fide error defense will almost always depend,

as it clearly does in this case, on the determination of facts not included in the pleadings.

Motions to dismiss pursuant to Rule 12(b)(6) "generally cannot reach the merits of an affirmative

defense," except in the "relatively rare circumstances where facts sufficient to rule on an

affirmative defense are alleged in the complaint" *and* "the plaintiff's potential rejoinder to the

affirmative defense [is] foreclosed by the allegations in the complaint." *Goodman v. Praxair,

Inc.*, 494 F.3d 458, 464, 466 (4th Cir. 2007).

For the foregoing reasons, I will deny the motion to dismiss of defendant Thieblot Ryan,

P.A. A separate Order consistent with this Memorandum follows.

Date:_ December 12, 2011__                    _____/s/_____
                                             Ellen Lipton Hollander
                                             United States District Judge